'O'

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEDDY'S RED TACOS CORP., a California limited liability company,<br><br>                 Plaintiff,<br><br>      v.<br><br>THEODORO VAZQUEZ SOLIS dba TEDDY'S RED TACOS, an individual, TEDDY'S ORIGINAL RED TACOS dba TEDDY'S RED TACOS, an unknown business entity, WAEL KHALIL dba TEDDY'S RED TACOS, an individual, SILENT PARTNER ENTERPRISES LLC dba TEDDY'S RED TACOS, a California limited liability company, and DOES 1 through 50, inclusive,<br><br>                 Defendants. | Case No. 2:19-cv-03432-RSWL-ASx<br><br>**ORDER re: Defendant and Counter-Claimant's Motion to Strike Counter-Defendants' Answer, or in the Alternative Dismiss the Answer, and Enter Default** [51] |

1

1  THEODORO VAZQUEZ SOLIS, an
   individual,
2
           Counter-Claimant,
3
        v.
4
5  TEDDY'S RED TACOS CORP.
   dba TEDDY'S RED TACOS, a
6  corporation, NANCY GOMEZ,
   an individual, JORGE
7  GOMEZ, an individual, and
   DOES 1 through 50,
8  inclusive,
9
           Counter-Defendants.
10

11      Currently before the Court is Defendant and

12  Counter-Claimant Theodoro Vazquez Solis's ("Vazquez")

13  Motion to Strike Counter-Defendants' Answer, or in the

14  Alternative Dismiss the Answer, and Enter Default

15  Against Counter-Defendants (the "Motion") [51].  Having

16  reviewed all papers submitted pertaining to the Motion,

17  the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court

18  **DENIES** Vazquez's Motion.

19                    **I.    BACKGROUND**

20  **A.   Factual Background**

21      This case arises out of a trademark dispute.

22  Plaintiff and Counter-Defendant Teddy's Red Tacos Corp.

23  ("Plaintiff" or "Teddy's Red Tacos") claims that it owns

24  the trademark for "Teddy's Red Tacos" in association

25  with goods and services under U.S. Trademark

26  Registration No. 88285172 ("Teddy's Mark").  Decl. of

27  Shahrokh Sheik ¶ 2, ECF No. 51.  Vazquez disputes this,

28  and contends that Plaintiff's claim is a fraudulent,

                              2

1 competing application for Teddy's Mark pending with the
2 U.S. Patent and Trademark Office, and that Vazquez is
3 the sole owner of Teddy's Mark under Registration No.
4 88435730.  Countercl. ¶ 13, ECF No. 14.

5     Vazquez opened the first Teddy's Red Tacos taco
6 stand in October 2016.  Id. ¶ 15.  Vazquez claims that
7 given his success, in or about June 2018, Jorge Gomez
8 approached him to partner in a new restaurant location
9 at 9532 Whittier Blvd., Pico Rivera, California, 90660
10 (the "Pico Location"), wanting to use Teddy's Mark,
11 Vazquez's "secret red birria sauce," and Vazquez's
12 recipes (the "Mixes").  Id. ¶ 17.  Jorge Gomez claimed
13 to have already invested $120,000 into the Pico
14 Location.  Id. ¶ 18.

15     Vazquez alleges that he and Jorge Gomez, along with
16 Gomez's wife, Nancy Gomez (the "Gomezes"), orally agreed
17 that if Vazquez provided a contribution of (1) $67,375,
18 (2) the Mixes, and (3) a limited, nonexclusive,
19 revocable license to use Teddy's Mark for the Pico
20 Location, together they would create an entity to
21 equally own and share profits (the "Agreement").  Id. ¶
22 19.

23     Plaintiff was formed on August 27, 2018, when Nancy
24 Gomez filed the Articles of Corporation, naming Nancy
25 Gomez and Vazquez as 50% shareholders.  Id. ¶ 22.
26 Vazquez claims he satisfied his monetary contribution by
27 giving the Gomezes a truck valued at $50,000, a $7,375
28 check, and $10,000 in cash.  Id. ¶ 23.  By September 5,

3

2018, a Statement of Information was filed naming Nancy
Gomez and Vazquez as the only officers and directors of
Plaintiff.  Id. ¶ 24.  The Pico Location opened in late
October 2018.  Id. ¶ 25.

Vazquez claims that, around March 12, 2019, the
Gomezes locked him out of the Pico Location and stopped
making payments to him in breach of the Agreement.  Id.
¶ 26.  Vazquez claims that the Gomezes continue to use
Teddy's Mark without his permission and serves fake
Mixes, attempting to pass them off as the original
Mixes.  Id. ¶ 27.

**B.  Procedural Background**

On April 26, 2019, Plaintiff filed its Complaint
[1] alleging trademark infringement-related claims.  On
June 25, 2019, Vazquez answered [13] and filed a
Counterclaim [14] against Teddy's Red Tacos, Nancy
Gomez, and Jorge Gomez (collectively, "Counter-
Defendants").  On August 13, 2019, Counter-Defendants
filed their Answer [24] to Vazquez's Counterclaim [14].
Vazquez filed a Motion for Preliminary Injunction [20],
which the Court denied [30] on October 10, 2019.

On December 30, 2019, the Court granted [34]
Plaintiff and Counter-Defendants' Counsel's Motion to
Withdraw [31].  The Court ordered Plaintiff and Counter-
Defendants to file a notice of appearance of new counsel
by January 31, 2020.  See Order re Motion to Withdraw as
Counsel of Record Without Substitution for Plaintiff and
Counter-Defendants ("December 30, 2019 Order") 8:10-13,

4

ECF No. 34.  Plaintiff and Counter-Defendants have not filed a notice of appearance of new counsel to date.

On July 2, 2020, the Court denied without prejudice [44] Vazquez's Motion to Dismiss Claims and Enter Default Against Counter-Defendants [37].  On August 12, 2020, the Court struck [45] Plaintiff's Complaint [1].

Vazquez filed the instant Motion [51] on August 31, 2020.  Counter-Defendants failed to respond.

## II.   DISCUSSION

### A.   Legal Standards

"District courts have inherent power to control their dockets.  In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal."  Thompson v. Hous. Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986).  Accordingly, a court may strike an answer or enter default against a party as a sanction.  See, e.g., Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011); Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).  Before doing so, however, a court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Hester v. Vision Airlines, Inc., 687 F.3d 1162, 1169 (9th Cir. 2012) (citing Dreith, 648 F.3d at 788).

**B.   Discussion**

Vazquez requests that the Court strike, or
alternatively dismiss, Counter-Defendants' Answer and
enter default against Counter-Defendants for failure to
serve timely discovery responses, failure to prosecute,
and failure to obey court orders.  Mot. to Strike
Counter-Defs.' Answer, or in the Alternative Dismiss the
Answer, and Enter Default ("Mot.") 1:3-9, ECF No. 51.

Vazquez cites to Federal Rule of Civil Procedure
("Rule") 37(b)(2)(A)(iii) in support of his motion to
strike, asserting that this rule allows the Court to
sanction a party who fails to obey court orders or
respond to discovery.  Id. at 4:11-16.  However,
Vazquez's reliance on Rule 37(b)(2)(A)(iii) is
inapposite.  Rule 37(b)(2)(A)(iii) authorizes the Court
to strike a pleading "[i]f a party . . . fails to obey
an order to provide or permit discovery," and Vazquez
does not allege that Counter-Defendants failed to obey a
discovery order in this Action.  Because this rule
clearly requires the violation of a discovery order as a
prerequisite for sanctions, the Court **DENIES** Vazquez's
motion to strike on this basis.

In the alternative, Vazquez argues that the Court
should dismiss Counter-Defendants' Answer under Rule
41(b).  Id. at 6:5-9.  Specifically, Vazquez contends
that Counter-Defendants' Answer arises from the same set
of facts as Plaintiff's Complaint, and "[s]ince the
Complaint has been struck, so should the Answer."  Id.

at 6:9-18.  Rule 41(b) is also inappropriate for obtaining the relief Vazquez seeks, as it applies to dismissal of actions or claims.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (emphasis added)).  Here, Vazquez seeks dismissal of Counter-Defendants' Answer—not the Action or claims.  Therefore, the Court **DENIES** the motion to dismiss.

The Court acknowledges, however, that Counter-Defendants have been entirely absent from this Action for the past year.  Counter-Defendants have failed to respond to any discovery requests, numerous attempts to meet and confer, Vazquez's previous motion to dismiss and request for terminating sanctions, and the instant Motion.  Mot. 1:10-17.  Counter-Defendants also failed to meet requirements related to the Rule 16 Final Pretrial Conference, thereby stalling litigation and prompting Vazquez to seek court intervention.  Id. at 5:17-20.

Additionally, Local Rule 83-2.2.2 provides that "[n]o organization or entity of any other kind," including corporations, "may appear in any action or proceeding unless represented by an attorney."  Case law is in accord.  See, e.g., Reading Int'l, Inc. v. Malulani Grp., Ltd., 814 F.3d 1046, 1053 (9th Cir. 2016) (citing In re Highley, 459 F.2d 554, 555 (9th Cir. 1972)); D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.,

7

366 F.3d 972, 973-74 (9th Cir. 2004) (citations omitted).  Plaintiff and Counter-Defendants' counsel withdrew in December 2019, and Teddy's Red Tacos has failed to obtain counsel since that date.  This is so despite Teddy's Red Tacos having been expressly warned that if it failed to file a notice of appearance of new counsel by January 31, 2020, "the Court may strike its pleadings, dismiss its claims against Defendants, and enter default on Counter-Claimant Vazquez's claims." December 30, 2019 Order 8:15-20.

Vazquez's Counterclaim against Teddy's Red Tacos cannot move forward because Teddy's Red Tacos, as a corporation, cannot proceed pro se.  Further, Teddy's Red Tacos violated the Court's December 30, 2019 Order when it failed to retain new counsel and file a notice of appearance.  The Court therefore finds that the public's interest in expeditious litigation and the Court's need to manage its docket weigh heavily in favor of striking the Answer as to Teddy's Red Tacos and entering default.  The Court also finds that Teddy's Red Tacos's failure to obtain new counsel, coupled with its unresponsiveness in this Action, has prejudiced Vazquez by not only delaying this litigation but also making it impossible for Vazquez to obtain a decision on the merits.  No alternative sanction would be of any effect in this Action, where Teddy's Red Tacos has made no ascertainable effort to retain counsel or defend itself for a year.  These factors all weigh in favor of

striking the Answer as to Teddy's Red Tacos and entering default, and together they outweigh the public policy favoring disposition of cases on their merits here.

Accordingly, the Court **STRIKES** Teddy's Red Tacos from Counter-Defendants' Answer and **ENTERS DEFAULT** against Teddy's Red Tacos.  See Forever 21, Inc. v. Nat'l Stores Inc., No. 2:12-cv-10807-ODW(JCGx), 2014 WL 12579815, at *1-2 (C.D. Cal. June 19, 2014) (striking answer and entering default where the defendant-corporation failed to obtain new counsel); Emp. Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993, 998 (9th Cir. 2007) ("[W]e have recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel.").

With respect to the remaining Counter-Defendants, Nancy Gomez and Jorge Gomez have likewise failed to participate in this Action even though, as individuals, they are deemed and permitted to appear pro se.  See Mot. 1:10-17, 5:17-20; December 30, 2019 Order 8:13-15; Local Rule 83-2.2.1-.2.  Therefore, based on the Court's inherent power to manage its docket, the Court **ORDERS** Nancy Gomez and Jorge Gomez to show cause by December 18, 2020, as to why the Court should not strike their Answer.  If Nancy Gomez or Jorge Gomez fails to show good cause, the Court will strike that Counter-Defendant's Answer and enter default.

///

///

### III.   CONCLUSION

Based on the foregoing, the Court **DENIES** Vazquez's Motion.   The Court **STRIKES** Teddy's Red Tacos from Counter-Defendants' Answer and **DIRECTS** the Clerk of Court to enter default as to Teddy's Red Tacos.

The Court **ORDERS** Nancy Gomez and Jorge Gomez to show cause by December 18, 2020, as to why the Court should not strike their Answer.   If Nancy Gomez or Jorge Gomez fails to show good cause, the Court will strike that Counter-Defendant's Answer and enter default.

**IT IS SO ORDERED.**

DATED: December <u>10</u>, 2020        <u>/s/ Ronald S.W. Lew</u>
                                      **HONORABLE RONALD S.W. LEW**
                                      Senior U.S. District Judge