'O'

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11

12   TEDDY'S RED TACOS CORP., a        CV 19-03432-RSWL-ASx
     California limited
13   liability company,               **SUPPLEMENTAL ORDER re:**
                                       **Defendant and Counter-**
14              Plaintiff,             **Claimant Theodoro Vazquez**
                                       **Solis' Application for**
15        v.                           **Default Judgment** [61]

16   THEODORO VAZQUEZ SOLIS dba
     TEDDY'S RED TACOS, an
17   individual, TEDDY'S
     ORIGINAL RED TACOS dba
18   TEDDY'S RED TACOS, an
     unknown business entity,
19   WAEL KHALIL dba TEDDY'S
     RED TACOS, an individual,
20   SILENT PARTNER ENTERPRISES
     LLC dba TEDDY'S RED TACOS,
21   a California limited
     liability company, and
22   DOES 1 through 50,
     inclusive,
23
                Defendants.
24
     THEODORO VAZQUEZ SOLIS, an
25   individual,

26         Counter-Claimant,

27        v.

28   TEDDY'S RED TACOS CORP.

                                   1

1  dba TEDDY'S RED TACOS, a
   corporation, NANCY GOMEZ,
2  an individual, JORGE
   GOMEZ, an individual, and
3  DOES 1 through 50,
   inclusive,
4
            Counter-Defendants.
5

6      Counter-Claimant Theodoro Vazquez Solis dba Teddy's

7  Red Tacos ("Vazquez") applied for a default judgment

8  against Counter-Defendants Teddy's Red Tacos, Jorge

9  Gomez, and Nancy Gomez (collectively, "Counter-

10 Defendants") for counterclaims related to Counter-

11 Defendants' infringement of Vazquez's trademark.  See

12 generally Appl. for Default J. ("Appl."), ECF No. 61.

13     On August 16, 2021, the Court granted in part the

14 application as to Vazquez's counterclaims for false

15 designation/unfair competition under 15 U.S.C. § 1125(a)

16 and declaratory relief against Counter-Defendants and

17 Vazquez's counterclaims for breach of contract and

18 unjust enrichment against Jorge Gomez and Nancy Gomez

19 (the "Gomezes") and denied the application as to

20 Vazquez's remaining counterclaims.  See Order re: Def.

21 and Counter-Claimant Theodoro Vazquez Solis' Appl. for

22 Default J. ("Prior Order") 33:2-8, ECF No. 63.  The

23 Court enjoined Counter-Defendants from activities

24 enumerated in Vazquez's requested injunction and

25 permitted Vazquez to submit a supplemental brief on his

26 request for damages, attorney's fees, and costs.  Id. at

27 33:9-34:8.

28 ///

1       On August 31, 2021, Vazquez submitted a

2   supplemental brief with two exhibits and a supporting

3   declaration from his counsel.  See generally Suppl.

4   Brief for Proof of Damages in Supp. of Appl. for Default

5   J. ("Suppl. Brief"), ECF No. 64; Ex. A, ECF No. 64-1;

6   Ex. B, ECF No. 64-2; Decl. of Shahrokh Sheik in Supp. of

7   Suppl. Brief ("Suppl. Sheik Decl."), ECF No. 64-3.

8       The Court incorporates by reference the factual and

9   procedural background set forth in the Prior Order as if

10  fully set forth herein.  See Prior Order 2:25-6:20.

## I.    DISCUSSION

**A.    Damages**

13      Vazquez previously established entitlement to

14  $33,000 in restitution but failed to sufficiently

15  support his request for $150,000 in damages, which he

16  claimed to be his fifty-percent share of profits from

17  the Pico Location.  See id. at 21:24-25:20; Appl. 8:21-

18  9:22.  The only evidence Vazquez submitted in support of

19  his damages request was a declaration stating that

20  Vazquez "believe[s] the Gomezes have realized over

21  $300,000 in profits from the use of [his] Mark and

22  recipes" and that "[t]his number is based on observation

23  of the Pico Location prior to [his] being locked out and

24  based on [his] own expertise in the restaurant

25  business."  Decl. of Theodoro Vazquez Solis in Supp. of

26  Appl. ¶ 24, ECF No. 61-2.  In the Prior Order, the Court

27  found that these statements were insufficient to support

28  his damages request but afforded Vazquez an opportunity

3

1    to submit further evidence.  See Prior Order 25:2-20.

2        Vazquez timely filed a supplemental brief, in which

3    he states:

4        It has been difficult for Counter-Claimant to
         obtain the necessary discovery to show proof
5        of his loss.  As stated in Counter-Claimant's
         supporting   declaration   for   the   Default
6        Judgment   Application,   Counter-Claimant   is
         relying   on   his   expertise   as   an   experienced
7        restauranter   and   businessman   based   in   Los
         Angeles   to   calculate   his   damages.   Counter-
8        Claimant calculates, based on his observation
         of the Pico Location from the documents and
9        sales   he   could   review   prior   to   being   locked
         out,   that   the   Pico   Location   did   substantial
10       business   from   use   of   his   Mark   and   recipes.
         Thus, Counter-Claimant requests that the Court
11       award him damages in the amount of $150,000.

14

15   Suppl. Brief 2:15-21.  Vazquez essentially reiterates

16   the statements made in his earlier declaration,

17   providing no additional declaration or other evidence to

18   substantiate his requested damages.[1]

19       Although the well-pleaded factual allegations of a

20   complaint are deemed true upon default, the plaintiff

21   "must 'prove up' the amount of damages."  Landstar

22   Ranger, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d

23   916, 923 (C.D. Cal. 2010) (citations omitted); see

24   TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18

25   _____

26       [1] Moreover, it remains unclear whether Vazquez seeks
     $150,000 in damages for breach of contract or lost profits under
27   the Lanham Act.  See Prior Order 25:18-20 ("If Vazquez chooses to
     submit further evidence, he must also clarify whether he seeks
28   damages by way of breach of contract or 15 U.S.C. § 1117(a).").

1   (9th Cir. 1987).  "[C]ourts have accepted less precise

2   estimates of damages where a defendant frustrates the

3   discovery of a precise amount by defaulting in the

4   action."  Wecosign, Inc. v. IFG Holdings, Inc., 845 F.

5   Supp. 2d 1072, 1084 (C.D. Cal. 2012).  Nevertheless,

6   Vazquez must establish a reasonable basis for

7   calculating his requested damages.  See Cal. Civ. Code

8   § 3301 ("No damages can be recovered for a breach of

9   contract which are not clearly ascertainable in both

10  their nature and origin."); Lindy Pen Co. v. Bic Pen

11  Corp., 982 F.2d 1400, 1407 (9th Cir. 1993) ("As a

12  general rule, damages which result from a tort must be

13  established with reasonable certainty.  The Supreme

14  Court has held that '[d]amages are not rendered

15  uncertain because they cannot be calculated with

16  absolute exactness,' yet, a reasonable basis for

17  computation must exist." (citation omitted) (quoting

18  Eastman Kodak Co. v. S. Photo Materials Co., 273 U.S.

19  359, 379 (1927))), abrogated on other grounds by

20  SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839

21  F.3d 1179 (9th Cir. 2016) (en banc).

22      While the Court understands that it is difficult

23  for Vazquez to measure damages given Defendants' lack of

24  participation in this action, it cannot use Vazquez's

25  vague and speculative statements to award damages.

26  Vazquez has not given the Court sufficient information—

27  such as sales data, the relevant time period for such

28  sales, or the types of documents reviewed—that would

1   allow the Court to conclude that Vazquez's estimate is

2   reasonable.  Nor has Vazquez sought to quantify his own

3   lost profits.  Based on the evidence submitted, the

4   Court cannot estimate either Counter-Defendants' profits

5   or Vazquez's lost profits.[2]  Accordingly, the Court has

6   no option but to conclude again that Vazquez has failed

7   to establish entitlement to $150,000 in damages.

8   **B.   Attorneys' Fees and Costs**

9        When a party properly requests attorneys' fees in

10  excess of the schedule provided in Local Rule 55-3, "the

11  court is obliged to calculate a 'reasonable' fee" using

12  the lodestar method.  Vogel v. Harbor Plaza Ctr., LLC,

13  893 F.3d 1152, 1159 (9th Cir. 2018).  "[T]he lodestar

14  amount is calculated by multiplying 'the number of hours

15  *reasonably* expended on the litigation by a *reasonable*

16  hourly rate.'"  Id. at 1160 (citation omitted).  "A

17  reasonable hourly rate is ordinarily the prevailing

18  market rate in the relevant community."  3M Co. v. Am.

19  Dental Equip., LLC, No. 5:20-CV-02128-JWH-SHKx, 2021 WL

20  3473560, at *4 (C.D. Cal. July 26, 2021) (quoting Kelly

21  v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016)).

22       Vazquez previously sought $48,767.34 in actual

23  attorneys' fees and costs, see Appl. 10:3-4, and now

24  seeks $47,044.84, see Suppl. Brief 2:7.  In support of

25  his request, Vazquez submitted a declaration from his

26

27      [2] The Lanham Act provides that, subject to the principles of
    equity, a trademark owner may "recover (1) defendant's profits,
    (2) any damages sustained by the plaintiff, and (3) the costs of

28  the action."  15 U.S.C. § 1117(a).

1  counsel as well as the relevant billing records and cost

2  invoices from his counsel's previous and current law

3  firms.  See generally Suppl. Sheik Decl.; Exs. A-B.

4  Counsel for Plaintiff billed hourly rates of $325 and

5  $375 for a partner; $225, $275, and $335 for associates;

6  and $125 and $150 for paralegals.  See Suppl. Sheik

7  Decl. ¶ 3.

8      Having reviewed these documents, the Court finds

9  that the time expended and the expenses incurred were

10  reasonable, particularly in light of the complexity and

11  duration of this case and the fact that Counter-

12  Defendants initially appeared in this action.  The Court

13  also finds the rates charged by Vazquez's counsel to be

14  reasonable and generally consistent with rates billed in

15  trademark infringement cases within this district.  See,

16  e.g., Athena Cosms., Inc. v. Timbo Trading Co., No. EDCV

17  20-418 JGB (SPx), 2020 WL 4805470, at *3 (C.D. Cal. June

18  19, 2020) (finding rates of $495, $395, and $245

19  reasonable in trademark infringement case); Energizer

20  Brands, LLC v. Lumintop Tech. Co., No. CV 19-04360-AB

21  (ASX), 2020 WL 1279456, at *3 (C.D. Cal. Feb. 3, 2020)

22  (finding billed rates of $505.75 and $701.25 for

23  partners, $333.75 for an associate, and $259.25 for a

24  paralegal to be reasonable despite being "at the high

25  end").  Accordingly, Vazquez's request for $47,044.84 in

26  attorneys' fees and costs is **GRANTED**.

27  ///

28  ///

**II.   CONCLUSION**

Based on the foregoing, the Court awards $33,000 in restitution and $47,044.84 in attorneys' fees and costs to Vazquez.

**IT IS SO ORDERED.**

DATED: September 29, 2021  _____
                           /s/ Ronald S.W. Lew
                           **HONORABLE RONALD S.W. LEW**
                           Senior U.S. District Judge

8